# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 11-678 PSG (PJWx) | Date | June 21, 2011 |
|----------|------------------------|------|---------------|
| Title | Fikri Bayramoglu v. J. Tim. Ochoa | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|--------------------|-------------|-----|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|-------------------------------------|-------------------------------------|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying Petitioner's Motion for Transfer of Venue and Disqualification of the Magistrate Judge**

The Court has received and considered Petitioner Fikri Bayramoglu's ("Petitioner") motion to transfer his habeas corpus case back to the United States District Court for the Northern District of California and to disqualify Magistrate Judge Patrick J. Walsh. For the reasons that follow, the Court denies Petitioner's motion to transfer and disqualify.

First, Petitioner seeks transfer of this case to the United States District Court for the Northern District of California. Venue for habeas corpus cases brought by state prisoners is proper in both the district of confinement and the district of conviction. 28 U.S.C. § 2241(d). Generally, however, "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined." *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is incarcerated at Chuckawalla Valley State Prison within the Central District of California, and his claim relates to the denial of parole—in other words, the execution of his sentence. Venue is therefore proper in this District.

Petitioner also seeks recusal of Magistrate Judge Patrick Walsh on two grounds: first, because Magistrate Judge Walsh allegedly discriminated against Petitioner on racial and religious grounds; and second, because Magistrate Judge Walsh wrote an opinion that Petitioner fundamentally disagrees with. Petitioner provides no evidence that would cause a reasonable person to question Magistrate Judge Walsh's impartiality, *see* 28 U.S.C. § 455; *Williams v. Costello*, No. CV 95-3055 VRW, 1996 WL 637849, *1 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-678 PSG (PJWx) | Date | June 21, 2011 |
|----------|------------------------|------|---------------|
| Title | Fikri Bayramoglu v. J. Tim. Ochoa | | |

Cal. Oct. 21, 1996), and is unable to point to anything in the record even hinting at such a high degree of "favoritism or antagonism" that might warrant recusal, *Liteky v. United States*, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) (explaining that opinions formed in the course of judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "a deep-seated favoritism or antagonism that would make fair judgment impossible").

Based on the foregoing, the Court denies Petitioner's motion to transfer this habeas corpus case to the Northern District of California and to disqualify Magistrate Judge Patrick J. Walsh.

**IT IS SO ORDERED.**